[Civ. No. 7130. Fourth Dist. Dec. 24, 1963.]

WILLIAM GUTOSKY, Plaintiff and Appellant, v. CITY OF GARDEN GROVE et al., Defendants and Respondents.

James R. Smith for Plaintiff and Appellant.

George F. Holden, County Counsel, Adrian Kuyper, Assistant County Counsel, and Willard R. Pool, City Attorney, for Defendants and Respondents.

COUGHLIN, J.—This is an action for declaratory relief wherein the plaintiff sought recovery of an acre of land which he claimed the county agreed to give him in return for

the construction and transfer to it of a street or, in the alternative, the construction expenses so incurred and the value of the land occupied by the street. The case was tried upon a purported stipulated set of facts presented to the court by counsel in the course of and as a part of their respective arguments. Following this presentation the court made findings of fact from which it appears that in 1951 the plaintiff conveyed to the defendant county, as a condition to the approval of two tract maps, an acre of land to be used as a drainage basin; in 1956 he made a request to the office of the county surveyor and road commissioner that this land be reconveyed to him; shortly thereafter he received a letter signed by an assistant road commissioner which stated, among other things, that if the plaintiff would construct a 180-foot street according to county standards, and deed a right-of-way for this street to the county, the previously conveyed acre of land "would not be needed and would be quit claimed"; in reliance upon this letter the plaintiff constructed the street to county standards and executed an easement deed conveying such to the county; at about this time the street and acre of land were "incorporated into the municipal limits" of the defendant city; because of this fact the name of the grantor in the deed to the county was changed to that of the city; on February 5, 1957, the city accepted the deed as changed and subsequently caused it to be recorded; "[t]hereafter" the county refused to convey the acre of land to plaintiff and refused to pay him any expenses for "installation" of the street; subsequently, the county conveyed the acre to the city for park purposes; and the city, upon demand, refused to convey the same to the plaintiff or to pay him for his "expenses in construction of said street." No objection is made to these findings.

From the facts as found the court concluded that neither of the defendants was bound by the action of the assistant road commissioner; that neither defendant was obligated to pay any expenses for installation of the street; that neither defendant may appropriate the land upon which the street is located without compensation to the plaintiff for the reasonable value thereof; and that judgment should be entered decreeing that the defendant city have the election to return to plaintiff the land upon which the street is located or pay him the reasonable value thereof as of February 1957.

At the trial the plaintiff, through his counsel, in the course of his statement of stipulated facts and his argument in the

case, advised the court that with respect to his alternative claim for reimbursement of the expenses incurred in constructing the street and the value of the land upon which it is located, "... we make no attempt to offer testimony to the Court as to what the value would be, but opposing counsel and I have agreed that if the Court were to give a decision not giving Gutosky the acre, but if the Court were to make a decision giving him the value of the street improvements, this is a situation where we could, by appointment of appraisers, arrive at a fair figure in that respect." The defendants did not reply to this statement and by their silence, under the circumstances, accepted it as a part of the stipulation to which the parties had agreed.

Judgment was entered decreeing a return to the plaintiff of the land upon which the street was located or, in the alternative, at the election of the city, that the plaintiff have judgment against it for the reasonable value of that land as of February 1957.

The plaintiff appeals and contends that, by virtue of section 25365 of the Government Code, as it existed in 1956, the board of supervisors of the defendant county had the power to exchange the acre of land for the improved street; that, although the board was the only agency of the county authorized to exercise this power, its acceptance of the street under the circumstances in this case constituted a ratification of the acts of the assistant road commissioner which was binding on the county, or estopped it from asserting the unauthorized exercise of that power by the assistant road commissioner; that, for these reasons, the agreement between the plaintiff and the county through the assistant road commissioner was valid; and that judgment should be entered enforcing that agreement. The plaintiff also contends that, in any event he should be awarded the expenses incurred in constructing the street conveyed to the city as well as the value of the land upon which it was located; that the judgment which, in the alternative, permits the city to retain the land upon which the street is located or pay the plaintiff the reasonable value thereof as of February 1957, without reimbursing him for the construction costs incurred in preparing the street to meet county specifications, deprives him of his property without just compensation; and, for this reason, this part of the judgment is erroneous.

The decision on this appeal, perforce the manner in which the case was presented to the trial court as well as to this

court, is directed solely to a determination of the issues raised by the contentions which the plaintiff urges as grounds for reversal of the judgment and the defendants' replies thereto.

The contention that the plaintiff is entitled to the acre of land is based on the initial premise that, pursuant to section 25365 of the Government Code as it existed in 1956, the board of supervisors had authority to exchange this land for the subject street. The provisions of that section upon which the plaintiff relies stated: "The board of supervisors may also, by a four-fifths vote, exchange real property of equal value with any person, firm, or corporation, *for the purpose of removing defects in the title to real property owned by the county.*" (Italics ours.) The power conferred thereby relates only to property owned by the county, the title to which is defective. The title of the defendant county to the subject acre of land was not defective. Obviously, the provisions of the aforesaid code section did not authorize the board of supervisors to exchange this land for the plaintiff's street. As the initial premise in plaintiff's contention is false, it must be rejected, and we need not consider his further arguments with respect thereto.[1]

■ The purported agreement between the plaintiff and the county, through its assistant road commissioner, under which the former constructed a street on his property for the latter, was void and unenforceable as being in excess of the county's power. (Gov. Code, § 25363; *Miller* v. *McKinnon*, 20 Cal.2d 83, 87-92 [124 P.2d 34, 140 A.L.R. 570].) ■ The rendition of services by the plaintiff pursuant to that agreement did not give rise to an implied contract imposing liability upon the recipient thereof for the reasonable value of such services. (*Los Angeles Dredging Co.* v. *City of Long Beach,* 210 Cal. 348, 353 [291 P. 839, 71 A.L.R. 161]; *Reams* v. *Cooley,* 171 Cal. 150, 153 [152 P. 293, Ann. Cas. 1917A 1260].) ■ The principles of estoppel do not apply. (*Paterson* v. *Board of Trustees,* 157 Cal.App.2d 811, 817 [321 P.2d 825].) For these reasons the trial court correctly concluded that neither of the defendants is obligated to reim-

---

[1]However, it should be noted that in the absence of the authority conferred by Government Code section 25365 the board had no authority to exchange county land for private land. As the board was without authority in the premises, the theories of ratification and estoppel were not applicable. (*Paterson* v. *Board of Trustees,* 157 Cal.App.2d 811, 817 [321 P.2d 825].)

burse the plaintiff for the expenses incurred by him in construction of the subject street.

On the other hand, the defendant city obtained a street to which, in justice, it is not entitled. The court so found. The plaintiff's transfer of that street to the city was made pursuant to a legally nonexistent agreement. The city accepted the street with knowledge of this fact. No gift was intended. Under these circumstances, the plaintiff was entitled to the return of his land. The court so decreed. However, apparently under the theory that the land had been devoted to a public use, viz., a street, the court further decreed that the city, at its election, might retain such, in which event the plaintiff should have judgment for the reasonable value thereof "as that value existed in February, 1957," viz., the date when the city acquired possession through his deed. By its decision in the premises, the court applied the principles applicable to a suit in inverse condemnation; refused to restore to the plaintiff property devoted to a public use; but decreed that he should be awarded just compensation therefor. (Wilson v. Beville, 47 Cal.2d 852, 856, 862 [306 P.2d 789]; Hillside Water Co. v. City of Los Angeles, 10 Cal.2d 677, 688 [76 P.2d 681]; Newport v. Temescal Water Co., 149 Cal. 531, 538 [87 P. 372, 6 L.R.A. N.S. 1098]; Podesta v. Linden Irr. Dist., 141 Cal.App.2d 38, 47 [296 P.2d 401].)

The defendants have not appealed from the judgment. As a consequence, the city either must return the subject land to the plaintiff or pay him its reasonable value. The plaintiff does not object to that part of the judgment permitting the city to retain his land upon payment to him of its value, but contends that in addition to the value of the land he is entitled to the expenses incurred by him in improving it as a street. Heretofore we considered and rejected the plaintiff's contention that he was entitled to a judgment against either of the defendants for the value of the services rendered by him in improving the land he intended to transfer pursuant to the agreement between himself and the assistant road commissioner. However, this ruling does not preclude a consideration of the improvements to the land in determining its value. To the end that there be no misunderstanding with respect to our decision in the premises, we deem it advisable to declare that, under the judgment herein, in the event the city elects to retain the land upon which the subject street is located, the plaintiff shall recover the reasonable value of that land in its condition as of February 1957. At that time

the street improvements thereon had been completed. As a consequence, the value of the land on that date must be determined in the light of its improved condition. We hold accordingly.

The judgment is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.